UTICA,
Aug. 1825.

Van Alstyne
v.
Wimple.

### Van Alstyne *against* Wimple.

This cause had been commenced in this Court, but was, pursuant to agreement of the parties, submitted to arbitrators by a general submission of all matters in difference; and the arbitrators had (*inter alia*) awarded that Wimple should pay to Van Alstyne the costs of this suit, *to be taxed.* Van Alstyne had procured them to be taxed by a commissioner *ex parte*, and without notice to Wimple.

*G. C. Bronson*, moved for a retaxation.

*J. A. Spencer*, contra, opposed this, on the ground that the cause was out of Court by the submission and award.

*Bronson*, in reply, admitted this to be so; but it did not follow that the Court would deny a retaxation. They will not do this, as between attorney and client, though long after a cause is ended; because the taxation would be conclusive between them. So here the taxation will be final, and not inquirable into in an action on the award. The items of the bill are never inquirable into at the Circuit. The award is good as to the costs. Though the arbitrators cannot in general, refer the amount of a demand to a third person for liquidation, yet a bill of costs is an exception.

*Curia.* By the submission of these parties without a rule, the cause is out of Court; and there is no provision that it should be made a rule. Without saying whether the taxation can have any effect, it is clearly not such an official one as will shut out all inquiry at the Circuit, in an action upon the bond or award. The submission deprives us of summary jurisdiction over the costs. The right of taxation, as between attorney and client, stands upon a different ground, viz. the power of the Court over their own officers. The motion must be denied.

Motion denied.(a)

(a) *Chapman* v. *Lansdown*, (1 Anstr. 273,) S. P.

---

*Margin summary:*

A cause was submitted by the parties to arbitrators, who awarded costs of suit, to be taxed. These were taxed *ex parte* by a commissioner. On motion for retaxation, *held*, that the cause being out of court, they had no farther control over the costs upon summary application.

*Held*, also, that the taxation would not be conclusive in an action on the bond or award.